Filed 8/18/15  P. v. Phillips CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063104 |
| v. | (Super.Ct.No. FWV1303492) |
| ROBERT F. PHILLIPS, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of San Bernardino County.  Michael R. Libutti, Judge.  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Robert Phillips is serving six years in prison after pleading guilty to forcible rape.  We affirm the judgment.

1

### FACTS AND PROCEDURE

Defendant and the victim had recently ended a long-term relationship and defendant moved out of the victim's home. The victim told defendant he had some mail at the home and gave him permission to come over to get it. On the evening of October 17, 2013, she returned home to find defendant sitting in her backyard with a half-empty bottle of whiskey. At about 9:35 p.m., the victim called her sister to tell her defendant was acting strangely and that she did not want him in her home. About five minutes later, the victim went inside to use her downstairs bathroom. Defendant followed her and entered the bathroom naked. He began to sexually assault the victim while she was on the toilet and told her he wanted to have sex with her one last time.

The victim told defendant to stop, but he forcibly carried her into the living room and removed her clothing. Defendant held the victim down by force and they struggled for about two hours, both on the living room floor and after he pulled her up the stairs to the bedroom. The victim eventually broke free and ran into her bathroom, where she found a pair of scissors. However, noting the "possessed" look on defendant's face, his superior strength and her exhaustion from the long struggle, the victim put away the scissors and told defendant to "do whatever you want." Defendant finished the assault on the bed and ejaculated. The victim called her sister and 911. Defendant was waiting in front of the garage when police arrived.

2

On October 22, 2013, the People filed a complaint charging defendant in count one with sexual penetration by a foreign object (Pen. Code § 289, subd. (a)(1)(A)[1] and in count two with forcible rape (§ 261, subd. (a)(2)).

On September 23, 2014, defendant pled guilty to count two.

On October 22, 2014, defendant asked to withdraw his guilty plea. The court relieved defense counsel and appointed conflict counsel. On December 18, 2014, defendant filed his motion to withdraw his plea of guilty pursuant to section 1018, arguing his previous attorney "rushed me into making a bad decision." Defendant filed supplemental declarations on January 23, 2015 and February 24, 2015, in which he stated, among other things, that he was not "given a full discovery package to review," he only saw his attorney in court, he was surprised that the plea agreement did not provide for two-for-one credit for pre-sentence custody, his attorney had not contacted his sisters about evidence his sisters possessed, his attorney kept reminding him that he could face 16 years if he lost at trial, he was not informed about the specifics and consequences of registering as a sex offender, and that he felt "coerced, pressured and misled."

On February 24, 2015, the court heard and denied defendant's motion. The court then sentenced defendant to the middle term of six years in prison, with credit for 570 days—496 actual and 74 days conduct credit under section 2933.1.

This appeal followed. Defendant did not obtain a certificate of probable cause.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

HOLLENHORST
J.

CODRINGTON
J.

4